2007 WY 17

**Diana Calimlim DAVIS, f/k/a Diana
Calimlim Gill, Appellant
(Plaintiff),**

v.

**Matthew A. GILL, Appellee (Defendant).**

No. 06–88.

Supreme Court of Wyoming.

Jan. 30, 2007.

Representing Appellant: Lisa M. Barrett of Buchhammer & Kehl, P.C., Cheyenne, Wyoming.

Representing Appellee: Matthew Gill, pro se.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1]   Diana Davis ("Mother") appeals an order of the district court finding that it had no jurisdiction to modify a custody decree entered by the superior court of Guam on October 28, 2004.   Mother argues that Wyoming has become the "home state" under the Uniform Child Custody Jurisdiction Act and that the children's substantial contacts in Wyoming make jurisdiction here appropriate. Matthew Gill ("Father") did not file an appellate brief.   We affirm.

## ISSUE

[¶ 2]   Whether the district court had jurisdiction to modify a Guam court's child custody, support, and visitation decree?

## FACTS

[¶ 3]   Mother and Father obtained a divorce in Guam. On October 28, 2004, the superior court of Guam awarded the parties joint custody of their two minor children, with physical custody alternating annually between Mother and Father.

[¶ 4]   During her first year with the children, Mother and the children were relocated to Wyoming because Mother is a member of the United States Air Force.   Father is remarried and still resides in Guam. On May 17, 2005, after the children had resided in Wyoming with Mother for six months, Mother filed a motion to modify the Guam decree in Wyoming district court.   Mother claimed that there was a material change in circumstances and asked the district court to award her primary physical custody of the children with liberal visitation rights for Father.   The district court determined that Wyoming did not have jurisdiction to modify a custody decree from Guam and, therefore, dismissed Mother's motion.   Mother now appeals the district court's order.

## STANDARD OF REVIEW

[¶ 5]   Whether a court has subject matter jurisdiction is a question of law that we review *de novo*.   *Steele v. Neeman,* 6 P.3d 649, 653 (Wyo.2000).   We "presume the district court's findings of fact are correct and will not set them aside unless the findings are inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence." *In re Guardianship of MEO,* 2006 WY 87, ¶ 17, 138 P.3d 1145, 1150 (Wyo. 2006).

## DISCUSSION

[¶ 6]   We have said that "[t]he Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A, constitutes federal preemption of custody matters. . . .   Consequently, a jurisdictional analysis necessarily begins

with its provisions." *Ritter v. Ritter*, 989 P.2d 109, 111 (Wyo.1999). The PKPA, 28 U.S.C.A. § 1738A (West 2006), states, in pertinent part, as follows:

(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsections (f), (g), and (h) of this section, any custody determination or visitation determination made consistently with the provisions of this section by a court of another State.

(b) As used in this section, the term—

. . . .

(8) "State" means a State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or a territory or possession of the United States . . . .

(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—

(1) it has jurisdiction to make such a child custody determination; and

(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

[¶ 7] Based on the plain language of the PKPA, it is clear that (1) both Wyoming and Guam are "states" within the meaning of the act; (2) before modifying another state's custody determination under the PKPA, the modifying state must have subject matter jurisdiction; and (3) the original decree state must either decline or be divested of jurisdiction. Therefore, under the PKPA, the first question we must answer is whether Wyoming statutes conferred subject matter jurisdiction to the district court in the instant case. In answering this question, we will also address whether Guam has retained jurisdiction over the matter and, ultimately, Wyoming's jurisdiction to modify the decree under the PKPA and Wyoming statutes.

[¶ 8] While Wyoming has enacted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), *see* Wyo. Stat.

Ann. §§ 20–5–201 *et seq.* (LexisNexis 2005), the effective date of that act fell after Mother filed her modification motion in the instant case. Wyo. Stat. Ann. § 20–5–502 (LexisNexis 2005) currently states that a "motion or other request for relief made in a child custody proceeding or to enforce a child custody determination which was commenced before the effective date of this act is governed by the law in effect at the time the motion or other request was made." Therefore, because the Uniform Child Custody Jurisdiction Act (UCCJA), Wyo. Stat. Ann. §§ 20–5–101 *et seq.* (LexisNexis 2003), was in effect at the time Mother filed her motion in the district court, the provisions of that act control the outcome in the instant case.

[¶ 9] The general jurisdictional statute for making a child custody determination under Wyoming's UCCJA was Wyo. Stat. Ann. § 20–5–104 (LexisNexis 2003); however, when modifying a custody decree made by a court of another state,[1] Wyo. Stat. Ann. § 20–5–115 (LexisNexis 2003) provides:

(a) If a court of another state has made a custody decree a court of this state shall not modify that decree unless it appears that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction.[2]

Because there is no indication in the instant case that Guam has declined to assume jurisdiction, the district court did not have the authority to modify the Guam decree under § 20–5–115 unless (1) the district court had jurisdiction under the UCCJA, and (2) Guam no longer had jurisdiction under the act.

[¶ 10] Wyoming's jurisdictional statute for making child custody determinations in the first instance stated, in pertinent part:

(a) A court of this state competent to decide child custody matters has jurisdiction

---

1. Like the PKPA, Wyoming's UCCJA statutes define "state" to include territories and possessions of the United States, which definition includes Guam. Wyo. Stat. Ann. § 20–5–103(a)(x) (LexisNexis 2003).

2. We note that this language is nearly identical to the PKPA, § 1738A(f), quoted above.

to make a child custody determination by initial decree or modification decree if:

(i) This state is the home state of the child at the time of commencement of the proceeding [3] ...; [or]

(ii) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships[.]

(b) ... [P]hysical presence in this state of the child or of the child and one (1) of the contestants is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

Wyo. Stat. Ann. § 20–5–104. The benchmarks for jurisdiction in the first instance under the preceding statute are, therefore, either that the state is the child's home state, meaning the child has resided there for the previous six months, or it is in the best interest of the child that the state assume jurisdiction because of significant connections and substantial evidence in the state concerning the child's well-being. When § 20–5–104 is read in conjunction with § 20–5–115, Wyoming can only modify a child custody decree of another jurisdiction if (1) the district court

has home state or best interest jurisdiction, *and* (2) Guam is no longer able to exercise the same jurisdiction.

[¶ 11] Having set forth the preceding statutory framework, we will analyze the district court's reasoning and order and Mother's appellate arguments. We note at the outset that neither Mother's appellate brief, nor the district court's order, discussed the applicability of § 20–5–115, which section controls the outcome of the instant case.

[¶ 12] In its "Order as to Jurisdiction," the district court determined that Mother and Father had joint custody of the children, with physical custody alternating annually. The district court further held that the children had lived in Wyoming since November 2004, and had educational and health care contacts in this state; however, the district court also found that the children had significant contacts in Guam—including Father—and had lived most of their lives in that jurisdiction.

[¶ 13] Mother contends that the district court could make a custody determination because she lived with her children in Wyoming for the six months preceding the modification petition and Wyoming, therefore, became the children's home state. She further argues that the district court erred in determining that it did not have jurisdiction because of the children's more significant contacts with Guam than Wyoming.[4] Mother

---

**3.** "Home state" was defined as "the state in which the child immediately preceding the time involved has lived with his parents, a parent or person acting as a parent, for at least six (6) consecutive months...." Wyo. Stat. Ann. § 20–5–103(a)(v).

**4.** Because there is no transcript of the district court proceedings, Mother's argument relies partially on facts contained in a statement of evidence and proceedings appended to her appellate brief and also included at the end of the record transmitted from the district court. W.R.A.P. 3.03 (Supp.2006) states:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be filed and served on appellee within 35 days of the filing of the notice of appeal. Appellee may file and

serve objections or propose amendments within 15 days after service. The trial court shall, within 10 days, enter its order settling and approving the statement of evidence, which shall be included by the clerk of the trial court in the record on appeal.

It appears that the statement was served on Husband; however, there is no indication that the district court settled or approved the contents of the statement before it was placed in the record on appeal. When we do not have a properly authenticated record before us, we must accept the district court's findings of fact as true and accordingly restrict our review to non-factual issues. *Seherr–Thoss v. Seherr–Thoss*, 2006 WY 111, ¶ 6, 141 P.3d 705, 710 (Wyo.2006). Problems arise when no objections are filed by the appellee and the statement is included in the record, but there is no indication from the district court that it has settled or approved the statement before it is transmitted to this Court on appeal. As we will discuss more fully herein,

also does not deny that Father still resides in Guam and that the children were born there and lived in Guam until they relocated with Mother in 2004.

[¶ 14] Although the district court's order did not discuss § 20–5–115, we may affirm such order on any grounds supported by the record. *Fraternal Order of Eagles Sheridan Aerie No. 186 v. State ex rel. Forwood,* 2006 WY 4, ¶ 38, 126 P.3d 847, 861–62 (Wyo.2006). The district court concluded that Wyoming did not have jurisdiction to make a child custody determination in this case, but that Guam did have such jurisdiction. As discussed above, in order for Wyoming to modify the Guam custody decree under Wyo. Stat. Ann. § 20–5–115, Wyoming must first be able to exercise jurisdiction under the UCCJA, *and* Guam must no longer have jurisdiction. The district court's order that Guam currently has jurisdiction over child custody matters between Mother and Father relates directly to the second prong of the modification test. Therefore, if there is no error in the district court's determination that Guam has jurisdiction, the question of whether Wyoming has concurrent jurisdiction is moot because a Wyoming court cannot modify a Guam decree while Guam retains jurisdiction.

[¶ 15] Having reviewed the record, and even if we were to consider Mother's statement of the evidence and proceedings, we are unable to conclude that Guam no longer has jurisdiction to modify its child custody decree. We have previously recognized that the PKPA changed the UCCJA to create a decree state preference in modification matters. *Steele,* 6 P.3d at 654; *Marquiss v. Marquiss,* 837 P.2d 25, 43–45 (Wyo.1992). While the decree state preference is not absolute, we agree with the district court that the children have sufficient contacts with Guam to allow continuing jurisdiction in its courts, absent relinquishment of jurisdiction by those courts. Among the children's contacts with Guam are: (1) they were born in and lived in Guam until they left with their mother to live in Wyoming; (2) Father still resides in Guam; (3) many of the children's

paternal relatives reside in Guam; and (4) the children were supposed to return to Guam to reside with Father for one year, absent modification. We further note that the Guam court evidenced its intent to retain jurisdiction over its decree by issuing an order to show cause on September 7, 2005, nearly four months *after* Mother filed her motion to modify the original decree.

[¶ 16] Faced with the children's continuing contacts with Guam as well as the UCCJA and PKPA preference for continuing jurisdiction in the original decree state, it is clear that the district court in the instant case did not err when it found that it did not have jurisdiction to modify the Guam custody decree.

[¶ 17] Affirmed.

---

however, even with the facts alleged by Mother in the statement of evidence and proceedings, the district court properly found that Guam retained jurisdiction, which issue is dispositive in this appeal.